UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FERAHNAZ KAHYAOGLU, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-11736-IT |
| | * | |
| OMAR SALIM SAYIED and | * | |
| ABUL MAKSUD SAYIED, | * | |
| | * | |
| Defendants. | * | |

Memorandum and Order

October 2, 2020

TALWANI, D.J.

The court previously granted Defendant Omar Sayied's Motion to Dismiss [#8] pro se

Plaintiff Ferahnaz Kahyaoglu's Complaint [#1] because the complaint failed to adequately allege

the court's subject matter jurisdiction. Order [#24] (dismissing without prejudice). The court

allowed Plaintiff to file an amended complaint setting forth a claim within this court's subject

matter jurisdiction. Id.; see also Order [#31] ("Plaintiff's amended complaint must show the

basis for this court's subject matter jurisdiction."). Plaintiff filed her Amended Complaint [#32]

along with attached exhibits. However, after review, Plaintiff has again failed to adequately

plead this court's subject matter jurisdiction. Alternatively, if Plaintiff's federal claims are

considered sufficiently colorable for purposes of subject matter jurisdiction, on further

examination, Plaintiff has failed to state a claim on which relief may be granted. Accordingly,

the court shall dismiss the Amended Complaint [#32] for the following reasons.

A.  Standard of Review

"A court's subject-matter jurisdiction defines its power to hear cases." Lightfoot v.
Cendant Mortg. Corp., 137 S. Ct. 553, 560 (2017). Thus, "[f]ederal courts are obliged to resolve
questions pertaining to subject-matter jurisdiction before addressing the merits of a
case." Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). The party
invoking federal jurisdiction "must make clear the grounds on which the court may exercise
jurisdiction." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citing PCS 2000 LP v.
Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998)). Yet, if a claim of a federal cause of
action is colorable, it will confer subject matter jurisdiction even though the claim itself may fail
as a matter of law on further examination. Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d
317, 322 (1st Cir. 2001) (citing Bell v. Hood, 327 U.S. 678, 685 (1946)).

Further, under 28 U.S.C. § 1915(e)(2), a federal court shall dismiss an action brought by
a plaintiff proceeding, as here, in forma pauperis if the court determines at any time that the
action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In
conducting this review, the court must liberally construe the plaintiff's complaint when the
plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

B.  Subject Matter Jurisdiction

1.  Diversity Jurisdiction - 28 U.S.C. § 1332

In Plaintiff's original complaint, she asserted this court has diversity jurisdiction over the
action. Civil Cover Sheet [#1-3]. In the Amended Complaint, Plaintiff cites federal statutes for
the court's jurisdiction. Am. Compl. § 2 [#32]. However, insofar as she continues to assert this
court has diversity jurisdiction, Plaintiff has again failed to provide allegations establishing such
jurisdiction. Plaintiff states that she is domiciled in Massachusetts. Id. ¶ 1. She further asserts

that Omar Sayied was "born in the USA," but "moved to Germany," and now resides in

Unterdiessen, Germany. Id. ¶¶ 8, 107. Accordingly, on the face of the Amended Complaint, it

appears that Omar Sayied is an American citizen domiciled abroad and is therefore, for the

purposes of diversity jurisdiction, considered stateless. Newman-Green, Inc. v. Alfonzo-Larrain,

490 U.S. 826, 828 (1988).[1] As a result, there is not complete diversity between Plaintiff and

Defendant Omar Sayied and this court may not assert diversity jurisdiction over the parties. Id.

> 2.  Federal Question Jurisdiction – 28 U.S.C. § 1331

The court next considers Plaintiff's federal claims to determine whether the court

possesses federal question jurisdiction based on a colorable claim arising under the laws of the

United States. 28 U.S.C. § 1331.[2]

As a threshold matter, many of the federal statutes Plaintiff cites for her claims do not

permit a private cause of action. In Count Five, Plaintiff cites 18 U.S.C. §§ 241 and 242, a

criminal conspiracy statute that does not allow for a private cause of action. See Cok v.

Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can

bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)"). A

private cause of action is also not available under 28 U.S.C. § 4101, which Plaintiff cites in

Count Four for a "defamation" claim, as the statute merely defines defamation for the purposes

of judicial recognition of foreign defamation judgments. Slotke v. Wisc. Dep't of Workforce

Dev., 734 F. Appx. 354, 355 (7th Cir. 2018) (Mem.) (noting, in addition to its finding that 28

---

[1] Plaintiff's inclusion of Omar Sayied's business address in Arizona, Am. Compl. ¶ 2 [#32], does
not provide the court jurisdiction as diversity jurisdiction is based upon the defendant's domicile.
Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (2008) ("A person's domicile is the place where
he has a true, fixed home and principal establishment, and to which, whenever he is absent he
has the intention of returning.") (internal citation and quotation marks omitted).

[2] Plaintiff also cites to the "Modern Day Slavery Act of 2015," but does not explain why that Act
passed by the parliament of the United Kingdom would be relevant here.

U.S.C. § 4101 did not provide a cause of action, that there is no federal claim for simple

defamation by a private actor). Similarly, in asserting claims for a breach of the warranty of

habitability, Plaintiff cites 12 U.S.C. § 1701t and the National Housing Act, 42 U.S.C. §§ 1441,

1441a,[3] neither of which provide a private right of action. <u>Lam v. PNC Mortg.</u>, 130 F. Supp. 3d

429, 430 (D. Mass. 2015) ("[t]his Court notes that any claim [plaintiff] may have against

[defendant] for violating 12 U.S.C. § 1701X, the National Housing Act, is likewise barred under

First Circuit law, as that statute contains no private right of action") (citing <u>Falzarano v. United</u>

<u>States</u>, 607 F.2d 506, 509-511 (1st Cir. 1979) (discussing the National Housing Act as codified

both in Title 12 and at 42 U.S.C. §§ 1441 and 1441a, and finding "[t]he statute does not grant a

private right of action.")).

Second, Plaintiff's Count Six, a claim under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., does not state a claim on which relief

may be granted. "To state a RICO claim, [a plaintiff] must allege four elements: '1) conduct, 2)

of an enterprise, 3) through a pattern, 4) of racketeering activity.'" <u>Giuliano v. Fulton</u>, 399 F.3d

381, 386 (1st Cir. 2005) (quoting in part <u>Kenda Corp. v. Pot O'Gold Money Leagues, Inc.</u>, 329

F.3d 216, 233 (1st Cir. 2003)). Plaintiff has failed to allege, inter alia, the existence of an

enterprise or a pattern of racketeering activity, which requires allegations that Defendants

violated "one of the federal laws specified in the RICO statute." <u>Id.</u>

Third, Plaintiff asserts in Count Three that Defendants, as her landlords, have violated

various constitutional rights through a violation of her privacy. Am. Compl. ¶¶ 134-136 [#32].

---

[3] Plaintiff cites "12 U.S.C. §§ 1441, 1441a," which do not appear to apply to her asserted claims (as that statute has to do with the financing corporation for federal home loan banks), but the court interprets Plaintiff's claim to intend to invoke Section 1441 and 1441a of Title 42, since Section 1441 is referenced in 12 U.S.C. § 1701t.

The court construes this claim to assert a private right of action under 42 U.S.C. § 1983. However, under the statute, a plaintiff must show not only that "some person deprived [her] of a federal right," but also that "such person 'acted under color of state or territorial law.'" Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)) (alteration in the original). Plaintiff does not allege that either defendant was a state actor or was otherwise acting under color of law.

Fourth, Plaintiff raises claims of discrimination in Count One under the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., as well as under 42 U.S.C. §§ 1981 and 1982, stating that Defendants' "actions and inactions with regard to [Plaintiff's] complaints of uninhabitable conditions" were on the "basis of her color, gender, national origin, race and ethnicity." Am. Compl. ¶ 128 [#32]. In Count Two, Plaintiff asserts a claim of retaliation under the Fair Housing Act, stating she "reported [to] City of Cambridge Inspectional Services for Sanitary Code Violations and Omar Sayied's actions as alleged above constitute unlawful retaliation against [Plaintiff] for asserting her rights . . . ." Id. ¶ 132. In Count Five, Plaintiff cites 42 U.S.C. § 1985 asserting that Abul Sayied coerced her "to domestic servitude." Id. ¶ 142.[4]

However, these Counts fail to state a claim upon which relief can be granted even when construing the complaint liberally. Plaintiff fails to allege facts to support the conclusion that Defendants' conduct was discriminatory, or motivated, at least in part, by discrimination as required to maintain her FHA discrimination claim in Count 1 under 42 U.S.C. § 3604 or retaliation claim in Count 2 under 42 U.S.C. § 3617. S. Middlesex Opportunity Council Inc. v. Town of Framingham, 752 F. Supp. 2d 85, 95 (D. Mass. 2010).

---

[4] The court construes this claim to be brought under 42 U.S.C. § 1985(3), based on Plaintiff's allegations in Count Five that the Defendants' actions "caused unlawful[] deprivation of her rights." Am. Compl. ¶ 143 [#32].

In addition, Plaintiff's claims under §§ 1981, 1982, and 1985 fail as Plaintiff does not identify a racially motivated breach of a contract by Defendants or allege, beyond her conclusory statements, see Am. Compl. ¶¶ 45, 128 [#32] (stating that Omar Sayied was "racist" towards her), that Defendants' actions were motivated by racial animus or an intent to discriminate. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 480 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship"); Maciel v. Thomas J. Hastings Props., Inc., 2012 WL 3560815, at *13 (D. Mass. Aug. 16, 2012) ("a claim under Section 1982 requires a showing of discriminatory intent"); Perez–Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008) ("It has long been established that a claim under § 1985(3) requires 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'") (quoting in part Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

In sum, Plaintiff has failed to allege a colorable claim under federal law, and accordingly, the court lacks subject matter jurisdiction.

C. Failure to State a Claim

In the alternative, if Plaintiff's federal claims could be considered colorable for purposes of subject matter jurisdiction, the complaint must still be dismissed.

If the court has subject matter jurisdiction, the federal claims would nonetheless be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted for the reasons explained above. The court also declines to extend supplemental jurisdiction over Plaintiff's state law claims.

D.  Conclusion

Accordingly, Plaintiff's Amended Complaint is DISMISSED as it fails to show a basis for this court's subject matter jurisdiction. In the alternative, Plaintiff's federal claims are dismissed for failure to state a claim upon which relief may be granted and the court declines to exercise jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

Date: October 2, 2020                                    /s/ Indira Talwani
                                                        United States District Judge